**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

**CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-4953**

September 3, 2021

LETTER TO ALL COUNSEL OF RECORD

Re: *In the Matter of the Complaint of Wilson Yachts, LLC*
Civil No.   1:20-cv-03452-CCB

Dear Counsel:

This matter was referred to me for all discovery and related scheduling. (ECF No. 41). Presently before the Court are Defendant's Motion to Compel (ECF No. 39), Plaintiffs' Response (ECF No. 43), and Defendant's Reply (ECF No. 48). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons more fully explained below, Defendant's Motion to Compel is **GRANTED.**

Defendant argues that Plaintiffs have failed to answer interrogatories and requests for production of documents based on various unfounded objections. Each issue is addressed in turn.

### I.     Interrogatories Concerning Damages

Plaintiffs object to Defendant's interrogatory concerning calculation of damages under theories of "attorney work product", "compound", and vagueness and ambiguity (ECF No. 39, Ex. 4 at 14), and replied "none" to a parallel interrogatory (ECF No. 39, Ex. 3 at 11).[1] Defendant claims this is a basic interrogatory "contained in the federal court's standard set in Appendix D to the Local Rules as Interrogatory No. 3 and in the Maryland Rules as Standard Interrogatory No. 4." (ECF No. 39 at 2). Plaintiffs' Response contends "the propounding document does not comply with requirements in Appendix D" because Defendant's interrogatories did not contain a statement indicating that the requests incorporated were uniform or standard. (ECF No. 43 at 3). Plaintiff further classifies the damages interrogatories as "contention discovery" inappropriate at this early stage. (ECF No. 43 at 4).

Discovery of damages is proper, and the objections are unfounded. First, there is no requirement that discovery conform to the form discovery found in Appendix D of this Court's Local Rules. While using those forms can weigh in favor of compelling a response in the appropriate case, Appendix D is clear that the Court's guidelines in this regard neither broaden nor narrow the scope of permitted discovery. Obtaining information about the categories and amount of damages a plaintiff is seeking certainly meets Federal Rules of Civil Procedure (FRCP) Rule 26's relevance requirement as it is a fundamental element of every case and, absent a specific showing to the contrary, imposes no disproportionate burden on the producing party.

---

[1] Interrogatories were served on James Atsriku both individually and as administrator of the estate of Jerry Atsriku.

As for Plaintiff's "contention discovery" argument, it is true that certain contention topics (if appropriate at all) may be improper at early stages, especially such catch-all questions as "provide all documents that support your contention that plaintiff is entitled to a recovery" or "all documents that support any affirmative defense you contend limits or eliminates your liability in this case" and the like. By contrast, a damages inquiry is not in the same category, as it represents a fundamental part of the cause of action and should be, at least to some extent, available to a plaintiff at the earliest stages of the case, as recognized in FRCP 26(a)(1)(A)(iii). Although this case is exempted from those formal initial disclosure affirmative requirements by Judge Blake's order (ECF No. 36 at 2), this does not diminish the conclusion under the Rules that damages information is available to a plaintiff early in the case. To be sure, discovery and expert testimony may require supplementation of that information at a later date (e.g., an expert precisely calculating the future value of future losses), but a plaintiff is expected to do a reasonable inquiry to provide as much information as reasonably available at the time of the discovery responses.

## II.     Requests for Production of Documents

Plaintiffs object to Defendant's requests for documents identified in Plaintiffs' answers to interrogatories and Defendant's requests for documents in support of claimed damages. Plaintiffs contend that the request is not described with particularity and such documents are equally available to Defendant. (ECF No. 39). Defendant states that this request is standard. The Court finds Defendants' requests meet the particularity requirement sufficient to inform Plaintiffs what types of documents are being requested. As to the "equally available" argument, such arguments are only valid, if at all, with a specific articulation describing the responsive documents as well as reasoning that supports why the burden is equal as between the parties (e.g., a request to a plaintiff for plaintiff's employment file, a copy of which would equally be expected to be in the possession of a defendant employer).

Plaintiffs also make vague objections based on privilege. If there is responsive information over which a valid privilege is being asserted, such documents should be included on a privileged log.

Finally, Plaintiff asserts that Defendant has the burden to specify and prove that the documents being sought do not impose an undue burden. That is incorrect. While Rule 26(g)(1)(B) does impose a duty on both parties with regard to discovery requests and responses including an evaluation of burden, it is the Plaintiffs here, as the parties resisting discovery, who have the ultimate burden of demonstrating that the discovery sought is improper. See, e.g., *Callahan v. Toys R Us-Delaware Inc.*, 2016 WL 8671848 at *2 (May 6, 2016, D. Md).

Accordingly, Defendant's Motion to Compel (ECF No. 39) is granted, and Plaintiffs are directed answer the disputed discovery within fourteen days from the date of this order.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Catherine C. Blake